Joshua H. Haffner, Esq. SBN 188652
(jhh@haffnerlawyers.com)
Alfredo Torrijos, SBN 222458
(at@haffnerlawyers.com)
Trevor Weinberg, SBN 330778
(tw@haffnerlawyers.com)
**HAFFNER LAW PC**
15260 Ventura Blvd., Suite 1520
Sherman Oaks, California 91403
Tel: (213) 514-5681
Fax: (213) 514-5682

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MORALES, an individual; on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; and DOES 1 through 10,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF 42 U.S.C. §1983, SUBSTANTIVE DUE PROCESS;**<br><br>**(2) VIOLATION OF 42 U.S.C. §1983, EQUAL PROTECTION;**<br><br>**(3) VIOLATION OF 42 U.S.C. §1983, FREE EXERCISE OF RELIGION;**<br><br>**(4) EMPLOYMENT DISCRIMINATION IN VIOLATION OF PUBLIC POLICY; AND**<br><br>**(5) EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT.**<br><br>**[DEMAND FOR TRIAL BY JURY]** |

-1-

**Class Action Complaint**

Plaintiff Edward Morales ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendants City of Los Angeles and alleges based upon information and belief as follows:

## NATURE OF ACTION

1. This action arises out of Defendant City of Los Angeles' ("Defendant" or "COLA") COVID 19 mandatory vaccination policy for employment. As set forth herein, Defendant implemented an Ordinance that mandated that its current and future employees take the COVID 19 vaccination. For employees that requested a religious exemption, Defendant implemented a policy which failed to properly evaluate the exemption request, and treated similarly situated employees differently, denying the religious exemption request Plaintiff and numerous other employees, in violations of their constitutional rights, but granting it as to others similarly situated. As a result of Defendant's wrongful policies, Plaintiff and many other persons were wrongfully denied employment with Defendants.

2. In this action, Plaintiff seeks compensatory damages on behalf of himself and the Class in connection with Defendants' violation of Plaintiffs' constitutional rights, that denied them employment.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1331, because it involves a federal question. Venue is proper in this judicial district because Plaintiffs and/or Defendants reside in this district, and the events and circumstances giving rise to this action occurred in this district.

## PARTIES

4. Plaintiff Edward Morales is an individual who, during the relevant period resided in Los Angeles, California.

5. Defendant City of Los Angeles is a California governmental entity, located in Los Angeles, California.

— 2 —
**Class Action Complaint**

6. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

7. Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## FACTUAL ALLEGATIONS

**Defendants' Unconstitutional Mandate**

8. In or about August 2021, Defendants implemented a mandatory COVID vaccine policy for its employees. The policy was enacted in City of Los Angeles Ordinance 187134 ("COVID-19 Vaccination Requirement For All Current and Future City Employees") on August 24, 2021.

9. Defendants' policy set forth in Ordinance 187134 stated "all employees must be fully vaccinated for COVID-19, or request an exemption, and report their vaccination status. . . [and] the COVID-19 vaccination and reporting

**Class Action Complaint**

1 requirements are conditions of City employment and a minimum requirement for all employees. . ."

10. The Ordinance also provided that "[a]ll current and future City employees shall have the right to petition for a medical or religious exemption to be evaluated on a case-by-case basis. . . The City's goal is to have a vaccinated workforce. As such, employees will not have the option to 'opt out' of getting vaccinated and become subject to weekly testing. Only those with a medical or religious exemption and who are required to regularly report to a work location are eligible for weekly testing."

11. Plaintiff is informed and believes, and on that basis alleges, that the COVID 19 vaccine does not prevent transmission or provide immunity from COVID 19 to those who receive it. At best, the COVID vaccine mitigates the severity of symptoms for some of the persons who receive it, and subsequently get COVID. Because the COVID vaccine does not prevent transmission or provide immunity but, it is unlike traditional vaccines.

12. Plaintiff is informed and believes, and on that basis alleges, that because the COVID vaccine does not prevent transmission but only may mitigate symptoms, it is akin to a medical treatment. Plaintiff is informed and believes, and on that basis alleges, that the unvaccinated are not more likely than the vaccinated to spread the COVID virus.

13. Plaintiff is informed and believes, and on that basis alleges, that because the COVID vaccine does not prevent transmission or provide immunity, there was no valid basis for mandating it for Defendants' employees.

14. Plaintiff is informed and believes, and on that basis alleges, that Defendants did not offer reasonable accommodation to employees who did not want to take the COVID vaccine and could not obtain a medical or religious exemption.

15. Plaintiff is informed and believes, and on that basis alleges, that the COVID 19 vaccine has been reported to cause injury, death, and/or serious side effects in a substantial number of recipients, at a higher incidence than prior vaccines. Plaintiff is informed and believes, and on that basis alleges, that the Vaccine Adverse Event Reporting System ("VAERS") reports for the COVID 19 vaccine have been significantly higher than for other vaccines.

16. Plaintiff is informed and believes, and on that basis alleges, that Defendant's mandatory vaccine policy was arbitrary and unreasonable, did not bear a rational relationship to a public health goal, and failed to take into account many relevant factors, including but not limited to, the person's age, general health, whether they had natural immunity from a prior infection, whether they worked in a position that involved close contact with others, and that the vaccine was not effective to prevent transmission of COVID, and whether it was sufficiently safe for recipients.

17. Plaintiff is informed and believes, and on that basis alleges, additionally and alternatively, that Plaintiffs have a fundamental right to refuse medical treatment, and Defendant's mandatory vaccine policy interferes with that fundamental right. Defendants' Ordinance mandating the vaccine denied Plaintiff and Class members equal protection and due process rights.

**Defendants' Unconstitutional Denial Of Religious Exemptions**

18. Plaintiff is informed and believes, and on that basis alleges, that Defendant City of Los Angeles had a policy permitting employees to request a religious exemption from the COVID vaccine. Plaintiff is informed and believes, and on that basis alleges, that Defendant's religious exemption policy from the COVID vaccine mandate set an improper standard, and failed to provide any reasonable mechanism for accommodation, including but not limited to, masking and test taking, resulting in widespread and improper denials of religious exemption requests.

— 5 —
**Class Action Complaint**

19. Plaintiffs are informed and believes, and on that basis alleges, that in or about January 2023, Defendants made a decision to and did grant religious exemptions to thousands of then current employees with pending appeals. Plaintiffs are informed and believes, and on that basis alleges, that Defendants failed to grant religious exemptions to those employees who were not employed or have an appeal pending as of January 2023, nor did Defendants grant religious exemptions thereafter to employees and future employees, including Plaintiff. Plaintiffs are informed and believes, and on that basis alleges, that Defendants did not consider the merits of the religious exemptions requests granted in or about January 2023, and/or did not consider the merits under the same standard as Plaintiff and Class who were denied religious exemptions. Plaintiff is informed and believes, and on that basis alleges, that Defendants failed to apply a consistent standard to all employees in denying religious exemption to Plaintiff and the Class, but granting it to certain employees with pending appeals in January 2023.

20. Plaintiffs are informed and believes, and on that basis alleges, that Defendants' decision to grant religious exemptions to employees with pending appeals in January 2023, while denying the exemption requests of Plaintiff and the Class, was arbitrary and capricious, and denied Plaintiff and Class members equal protection, due process, and the right to religious freedom.

**Defendants' Mandate Policy Applied To Plaintiff Morales**

21. Plaintiff Edward Morales was told he was hired by Defendant City of Los Angeles as a baseball coach in or about October 2023. In completing the hiring process, Defendant advised Plaintiff that, pursuant to Defendants' COVID vaccine mandate policy for employees, he was required to get the COVID vaccine.

22. Plaintiff objected to Defendant's vaccine mandate policy, including on religious grounds, and submitted a request for religious exemption, which was a valid and appropriate request. Defendants' denied Plaintiff's request for a religious exemption, and Plaintiff appealed the denial. In or about March 2024, Defendants

— 6 —
**Class Action Complaint**

1. denied Plaintiff's appeal in connection with the denial of his religious exemption request.

**Defendant Ends Their Vaccine Mandate**

23. On or about June 11, 2024, Defendants ended their vaccine mandate policy. Defendant did not offer to compensate Plaintiff or the Class members who lost employment opportunities in connection with the vaccine mandate.

24. All conditions precedent to this action, including exhausting administrative remedies, have been performed, excused and/or waived.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Federal Rules of Civil Procedure Rule 23. Pursuant to Rule 23(b)(1) and (b)(2), Plaintiff seeks certification of a class and subclass defined as follows:

> **Class**: All persons who were employed or applying to be employed by the City of Los Angeles, and whose employment terminated or did not begin for not complying with Defendant's COVID vaccine mandate.
>
> **Subclass**: All persons who were employed or applying to be employed by the City of Los Angeles, and whose employment terminated or did not begin for not complying with Defendant's COVID vaccine mandate, and who had a religious exemption request denied.

26. Plaintiff and the Class reserve the right under Federal Rule of Civil Procedure Rule 23(c)(l)(C) to amend or modify the class and/or subclass to include greater specificity, by further division into subclasses, or by limitation to particular issues.

27. This action has been brought and may be properly maintained as a class action under the provisions of Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

**A. Numerosity**

28. The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that there are a substantial number of participants and beneficiaries Plan who have been similarly affected.

**B. Commonality**

29. Common questions of law and fact exist as to all members of the proposed class. Further, common questions of fact of law predominate over individual questions. Common questions applicable to the class include, but are not limited to:

    a) Whether Plaintiff and class members have a constitutionally protected fundamental right to refuse medical treatment including the COVID vaccine;

    b) Whether the standard for constitutional review with respect to Defendants' COVID vaccine mandate policy should be compelling interest or rational basis;

    c) Whether Defendants' COVID vaccine mandate policy violated Plaintiff and class members substantive due process rights under the Fourteenth Amendment;

    d) Whether Defendants' COVID vaccine mandate policy violated Plaintiff and class members equal protection rights under the Fourteenth Amendment;

    e) Whether Defendants' COVID vaccine mandate policy with respect to granting or denying religious exemptions, violated Plaintiff's right to free exercise of religion and/or constituted religious discrimination.

  f) Whether Defendants' COVID vaccine mandate policy and decisions with respect to granting or denying religious exemptions treated employees differently, and violated the equal protection rights.

  g) Whether Defendants' COVID vaccine mandate policy and actions with respect to granting or denying religious exemptions violated California's Fair Employment and Housing Act.

  h) Whether Defendants' COVID vaccine mandate policy and actions with respect to granting or denying religious exemptions violated California public policy.

### C. Typicality

30. The claims of the named Plaintiff is typical of the claims of the proposed class and subclass. Plaintiff and all members of the class are similarly affected by Defendants' wrongful conduct.

### D. Adequacy of representation

31. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represent Plaintiff are competent and experienced in litigating large and complex class actions.

### E. Superiority of class action

32. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the proposed Class is not practicable, and common questions of law and fact exist as to all class members.

33. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely

to be encountered in the management of this action that would preclude its maintenance as a class action.

**F. Rule 23(b) requirements**

34. Inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct.

35. Adjudications with respect to individual class members would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

36. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF THE FOURTEENTH AMENDMENT**

**SUBSTANTIVE DUE PROCESS**

**42 U.S.C. §1983**

37. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

38. Defendant's vaccine mandate policy violated Plaintiff's liberty and property interests protected by the Fourteenth Amendment to the United States constitution, in violation of 42 U.S.C §1983.

39. Defendant's vaccine mandate policy violated Plaintiff's liberty because it interferes with Plaintiff's personal autonomy, self-determination, bodily integrity, and right to reject medical treatment. Defendant's vaccine mandate policy interferes with Plaintiff's property interest because it threatens loss of employment or prospective employment for lack of compliance.

40. The COVID vaccines are medical treatments, and are unlike traditional vaccines because they do not prevent transmission or provide immunity.

41. Plaintiff is informed and believes, and on that basis alleges, that the recent Ninth Circuit in *Health Freedom Defense Fund v. Carvalho, et al.*, 104 F.4th 715 (9th Cir. 2024) did not analyze or decide the proper applicable constitutional standard, compelling interest or rational basis, with which to review the COVID vaccine mandate requirement, but held that a constitutional violation under 42 U.S.C §1983 had been properly pled even under the rational basis standard. Additionally and alternatively, Plaintiff alleges that the compelling interest standard should apply as a good faith attempt to clarify and/or extend the law, and establish the constitutional legal standard for mandatory vaccine like the COVID vaccine. Further, and alternatively, even under a rational basis standard, Defendant's blanket COVID vaccine mandate was unconstitutional.

42. Defendant vaccine mandate policy was not narrowly tailored, and included all employees, regardless of health condition, prior infection, age or any other relevant factor relating to whether the vaccine was an appropriate treatment for an individual.

43. A person's ability to decide whether to accept or reject medical treatment is a fundamental right. Defendant's vaccine mandate violates this fundamental right without a compelling reason or justification.

44. In addition and alternatively, because the COVID vaccine does not prevent transmission or provide immunity, as well as the other reasons alleged herein, there is also no rational basis to mandate the vaccine for all employees, without providing an accommodation for those who did not want it.

45. Plaintiff and the class have been damaged by Defendant's mandatory COVID vaccination policy, including but not limited to, loss of employment, lost wages, and other economic, noneconomic, and general damages.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FOURTEENTH AMENDMENT

## EQUAL PROTECTION

## 42 U.S.C. §1983

46. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

47. The Equal Protection Clause of the Fourteenth Amendment prohibits classifications that treat some groups of citizens differently than others. Defendant's vaccine mandate policy and conduct alleged herein was a violation of the Equal Protection Clause, and violated 42 U.S.C §1983 as Plaitnfif and the Class.

48. Defendant's vaccine mandate policy created two classes of Defendant's current and future employees, vaccinated and unvaccinated, as well as those who reported their vaccination states and those who did not. Defendants treated the vaccinated and unvaccinated classes of employees differently. The same is true for the nonreporting class irrespective of vaccination status. In either event, the unvaccinated or nonreporting employees have lost their jobs or not been hired, and have lost wages, been impeded from advancing their careers, providing for their families, and meeting other basic living expenses.

49. The circumstances of these unvaccinated employees, however, are not distinguishable from vaccinated and reporting employees because they can become infected with COVID, reinfected with COVID, and can transmit COVID to fellow employees and government office visitors.

50. Defendants' vaccine mandate policy discriminates against unvaccinated and non-reporting employees, including Plaintiffs and Class members, contravenes the Equal Protection Clause.

51. Additionally, and alternatively, Defendant's vaccine mandate policy with respect to religious exemption created two classes with respect to those current

— 12 —
**Class Action Complaint**

and prospective employees who requested a religious exemption, those who were granted exemptions in or about January 2023, and those who were not. Defendants treated classes of employees differently, and under different standards for handling religious exemption requests. Plaintiff and the other employees denied religious exemption requests have lost wages, been impeded from advancing their careers, providing for their families, and meeting other basic living expenses.

52. Defendant's COVID vaccine mandate policy with respect to granting or denying religious exemptions treated employees differently, under different standards, and violated the equal protection rights under the Fourteenth Amendment

53. Plaintiff and the class have been damaged by Defendant's violation of the Equal Protection Clause, including but not limited to, loss of employment, lost wages, and other economic, noneconomic, and general damages.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE FOURTEENTH AMENDMENT
### FREE EXERCISE OF RELIGION
### 42 U.S.C. §1983

54. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

55. As alleged herein, Defendant's had an improper policy regarding religious exemption requests, including but not limited to, treating employees disparately, and resulted in the improper denial of religious exemption requests. Defendant's violation of Plaintiff and the Subclass members' religious rights is actionable under the Free Exercise Clause and/or 42 U.S.C §1983.

56. The Free Exercise Clause of the United Staes Constitution prohibits governmental bodies from making any law prohibiting the free exercise of religion.

57. Plaintiff is informed and believes, and on that basis alleges, that Defendants did not have a proper policy for evaluating religious exemption requests

— 13 —
**Class Action Complaint**

to Defendants' vaccine mandate policy, and that defendant's policy was unconstitutional. Among other things, Defendant's policy provided that a "religious exemption [will be] evaluated on a case-by-case basis," without providing adequate standards that complied with the Free Exercise Clause, or that avoided arbitrary and capricious denials.

58. Additionally, and alternatively, Plaintiff is informed and believes, and on that basis alleges, there was no valid basis to deny his and other Subclass members' religious exemption requests but grant the religious exemption requests of thousands other employees of Defendants *en masse*, in or about January 2023.

59. Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct violated Plaintiff and Subclass members right to be free of religious discrimination.

60. Plaintiff and the class have been damaged by Defendant's violation of the Free Exercise Clause, including but not limited to, loss of employment, lost wages, and other economic, noneconomic, and general damages.

## FOURTH CLAIM FOR RELIEF
## EMPLOYMENT DISCRIMINATION
## IN VIOLATION OF PUBLIC POLICY

61. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

62. Defendants discriminated against Plaintiff and Subclass members, in the employment context, in violation of their constitutional rights and religious freedoms, and in violation of California public policy.

63. Defendants vaccine mandate policy violated Plaintiff and the Subclass' religious and constitutional rights, as alleged herein, and contravenes public policy.

64. Article I, § 8 of the California Constitution also forbids the disqualification of individuals from employment opportunities because of religion.

65. Plaintiff and the Subclass have suffered lost earnings and other employment benefits as a direct and proximate result of the acts previously alleged throughout this Complaint. Such injury is the kind California Government Code. § 12940(a) was designed to prevent.

66. Plaintiff and the Subclass have been damaged by Defendant's violation public policy, including but not limited to, loss of employment, lost wages, and other economic, noneconomic, and general damages.

## FIFTH CLAIM FOR RELIEF
## EMPLOYMENT DISCRIMINATION
## IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

67. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

68. Plaintiffs and Class members have been subjected to adverse employment action on account of their religious beliefs. Defendants discriminated against Plaintiffs and Subclass members on the basis of their religion and/or religious beliefs.

69. As alleged herein, Defendant's vaccine mandate policy, and disparate conduct in granting some but not others religious exemptions, violated Plaintiff and the Subclass members' religious freedom rights, and was unlawful under California Government Code. § 12940(a).

70. Plaintiff and the class have been damaged by Defendant's violation of the Equal Protection Clause, including but not limited to, loss of employment, lost wages, and other economic, noneconomic, and general damages.

## REQUEST FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment against Defendants as follows:

1. General, compensatory, and noneconomic damages according to proof;

**Class Action Complaint**

2. Special and economic damages according to proof;

3. Certify the case as a class action;

4. Award attorneys' fees and costs, including costs of suit, as available under applicable law;

5. Order the payment of interest to the extent it is allowed by law; and

6. Grant other equitable or remedial relief as the Court deems appropriate.

DATED: July 17, 2024                                    HAFFNER LAW PC

By: /s/ Joshua H. Haffner
Joshua H. Haffner
Alfredo Torrijos
Trevor Weinberg
Attorneys for Plaintiff and all Others similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by jury on all claims so triable.

DATED: July 17, 2024                    HAFFNER LAW PC

By: /s/ Joshua H. Haffner
Joshua H. Haffner
Alfredo Torrijos
Trevor Weinberg
Attorneys for Plaintiff

**Class Action Complaint**